IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SONNY LAUREN HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-1072-C |
| | ) | |
| PAUL CRADDUCK; GLENN BOOHER; and, ALICE TURNER, | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, proceeding pro se, filed a Motion for & Notice of Removal from State Court Civil Proceedings and a Complaint alleging a claim premised on 42 U.S.C. § 1983. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), the case was referred to United States Magistrate Judge Bana Roberts. Judge Roberts entered a Report and Recommendation on October 31, 2007, to which Plaintiff has timely objected.

In her Report and Recommendation, Judge Roberts accurately set out the facts and law and correctly noted that Plaintiff could not remove the state court action because removal is proper only by a defendant. There is no purpose to be served in repeating Judge Roberts' analysis. The arguments raised by Plaintiff in his Objection relative to the removal are either without merit or were thoroughly addressed and resolved by Judge Roberts in the Report and Recommendation and the Court finds no error in Judge Roberts' reasoning.

As noted above, in addition to seeking to remove his pending state court case, Plaintiff filed a Complaint asserting a claim pursuant to 42 U.S.C. § 1983. As Judge Roberts noted, a § 1983 claim may be pursued in either state or federal court. Plaintiff has not provided the

state court Petition as part of his removal filing as required by 28 U.S.C. § 1446(a); thus it is difficult to determine precisely the relief sought in that action. However, from a comparison of the allegations raised in the Complaint and the Oklahoma Court of Civil Appeal's recitation of Plaintiff's state court allegations, it is apparent the two actions seek relief that is substantially similar and clearly intertwined. Thus, further proceedings in this Court are barred by the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). The Oklahoma Court of Civil Appeals remanded Plaintiff's state court case with directions to permit him to file an amended petition. Thus, there is an ongoing state proceeding. Further, given that Plaintiff's claims are brought against state officials and raise claims of state law, those claims implicate an important state interest. Finally, to the extent Plaintiff raises constitutional issues, he may seek to litigate those issues before the state court. Thus, the Court finds that abstention is proper. The Tenth Circuit has noted that when abstaining pursuant to Younger, the proper course is to dismiss without prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 12), and for the reasons announced therein, remands this matter to the District Court of Oklahoma County. Plaintiff's Complaint is DISMISSED without prejudice. A judgment will enter accordingly.

IT IS SO ORDERED this 29th day of November, 2007.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge